UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PATRICK EDDINGTON,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-cv-442 (APM) |
| **U.S. DEPARTMENT OF DEFENSE,** | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

### I.

This case concerns whether Defendant U.S. Department of Defense ("DOD") received fourteen identical Freedom of Information Act ("FOIA") requests via email from Plaintiff Patrick Eddington. According to Plaintiff, on July 18 and 19, 2019, he transmitted the same FOIA request via "the Airmail email application" to fourteen different DOD components at each component's FOIA acceptance email address, as identified on the component's FOIA webpage. *See* Pl.'s Opp'n to the Gov't's Summ. J. Mot., ECF No. 15 [hereinafter Pl.'s Opp'n], ECF No. 15-2, Decl. of Patrick Eddington [hereinafter Eddington Decl.], ¶¶ 10–24. After sending each email, Plaintiff "made a portable document format (PDF) copy of the email and saved it to the appropriate folder on [his] Macbook Air computer." *Id.* ¶¶ 11–24. Plaintiff has appended copies of these PDFs to his complaint. *See* Compl., ECF No. 1, Ex. A, ECF No. 1-1. Each PDF reflects the date, time, and email address of the subject DOD component, plus the request itself as an attachment. *See id.* According to Plaintiff, he "received no bounce-back or other error message indicating a failure of the email to reach its designated recipient," Eddington Decl. ¶¶ 11–24, and "none of the[]

components have issued a determination on [Plaintiff's] requests or produced any responsive records," *id.* ¶ 25.

The problem for Plaintiff is that DOD has no record of receiving *any* of his fourteen requests. And not for lack of trying to unearth them. DOD's declarant, Mark Herrington, states that after being assigned the case, he contacted each of the fourteen components and "each component informed [him] that they had no record of receiving the request." Def.'s Mot. for Summ. J., ECF No. 12, Ex. A, Decl. of Mark H. Herrington, ECF No. 12-2, ¶ 5. "[E]ach of the components confirmed that they searched all of their email files and folders, including spam folders, and the logs they keep of incoming FOIA requests, and could not locate any evidence of having received the requests." *Id.* Herrington also notes that "[e]ach component has a standard practice of responding to FOIA requests to acknowledge receipt, even if they have not finished processing the request." *Id.* ¶ 6. Some components will send an acknowledgement by email, some do so by letter, and one component generates an automated response and follows up with a formal acknowledgment. *Id.* ¶¶ 6–8. Plaintiff does not claim to have received any acknowledgment of receipt from any of the fourteen DOD components, via email or otherwise. *See generally* Eddington Decl.

## II.

FOIA requires an agency "to determine within twenty days *after the receipt*" of a properly submitted request "whether to comply with [the] request" and to notify the requester accordingly. 5 U.S.C. § 552(a)(6)(A)(i) (emphasis added). "It therefore follows that an agency's FOIA obligations are not triggered until a request has been received." *Trupei v. Bureau of Customs & Border Prot.*, No. 07-cv-0475 (PLF), 2008 WL 249878, at *1 (D.D.C. Jan. 29, 2008). "[I]f an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency

is entitled to summary judgment as a matter of law." *Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014).

When, as here, an agency moves for summary judgment on the ground that it has not received a plaintiff's FOIA request, the plaintiff bears the burden of demonstrating a genuine dispute as to the agency's receipt of the request. *See id.* The agency typically establishes its non-receipt of a request through a sworn declaration. Such declaration, if relatively detailed and non-conclusory, is afforded a presumption of good faith. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Pinson*, 69 F. Supp. 3d at 114. That presumption "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). More specifically, where an agency claims not to have received a FOIA request, "the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request." *Pinson*, 69 F. Supp. 3d at 114 (citing cases).

In this matter, there can be little doubt that the Herrington Declaration is entitled to a presumption of good faith. Herrington describes in detail the substantial efforts that each DOD component undertook to find *any* of Plaintiff's fourteen FOIA requests. Each component came up empty. He also explains that each DOD component had a process to acknowledge receipt of FOIA requests, yet no component was able to find proof of having sent Plaintiff such an acknowledgment, and Plaintiff does state that he received one from any component.

Plaintiff does not challenge the presumption of good faith afforded to the agency's representations. Rather, he contends that he has overcome it by the combination of his sworn declaration and producing PDF copies of his FOIA requests. *See* Pl.'s Opp'n at 3. But while this

3

evidence supports Plaintiff's genuinely held belief that he properly *sent* the FOIA requests, it does not create a genuine dispute of fact as to whether any DOD component *received* a request. The court agrees with Defendant that "Plaintiff's evidence is equivalent to saving a copy of a letter and mailing envelope for a request sent via U.S. Mail." Def.'s Reply in Supp. of Def.'s Mot. for Summ. J., ECF No. 17, at 2. Such evidence, without more, does not create a genuine dispute of material fact as to an agency's actual receipt of a FOIA request. *See Day v. U.S. Dep't of Treasury*, No. 19-cv-3467 (EGS), 2020 WL 4432239, at *3 (D.D.C. July 31, 2020) ("On summary judgment Plaintiff must produce some evidence to show that the IRS actually received a proper FOIA request."); *Reynolds v. U.S. Dep't of Justice*, No. 16-cv-428 (JEB), 2017 WL 1495932, at *2 (D.D.C. Apr. 26, 2017) (granting summary judgment for agency where "Plaintiff d[id] not offer proof via, *e.g.*, a certified-mail receipt or any other form of mailing that his [FOIA requests] reached their intended target"); *Pinson*, 69 F. Supp. 3d at 114–15 (granting summary judgment where the "agency offer[ed] a declaration attesting that it ha[d] no record of receiving [plaintiff's] FOIA request" and where plaintiff's "evidence in no way indicates that the FOIA request actually was received" by the agency). That is particularly true here, where Plaintiff sent individual requests to fourteen different email addresses of fourteen different DOD components. The court finds it quite improbable that, if Plaintiff in fact properly sent that many separate requests, that at least one DOD component would not have located evidence of receipt or acknowledgment of receipt. That no DOD component found such evidence is strong, if not conclusive, proof of non-receipt, which Plaintiff cannot overcome with mere copies of his requests.

      The primary case on which Plaintiff relies, *Schoenman v. FBI*, No. 04-cv-2202 (CKK), 2006 WL 1126813 (D.D.C. 2006), does not aid his cause. There, the court found that the plaintiff had not produced proof of actual receipt by the agency when his counsel did no more than aver

"that he has 'a high de[g]ree of certainty that [he] mailed them.'" *Id.* at *13. The court then observed that "[w]ithout a copy of a stamped envelope showing the mailing of the request, or a returned receipt certifying the actual receipt of the request by the agency, Plaintiff cannot meet the statutory requirements under FOIA requiring an agency's 'receipt' to begin the production process." *Id.* Plaintiff argues that, if a copy of a stamped envelope "suffices, then, with all respect to the United States Post Office, an email sent item surely does too." Pl.'s Opp'n at 3. But the portion of *Schoenman* on which Plaintiff relies is dicta and, in any event, this court disagrees that a copy of stamped envelope, without more, would suffice to overcome an agency's sworn declaration of non-receipt. A stamped envelope is, at most, proof of transmittal; it does not by itself create a genuine dispute of fact as to actual receipt. So it is here, where copies of Plaintiff's email requests cannot rebut the agency's detailed, non-conclusory sworn declaration that none of the fourteen DOD components received Plaintiff's emailed FOIA request.

III.

Plaintiff alternatively asks for discovery. *See* Pl.'s Opp'n at 4. That request is denied. Discovery in FOIA cases is "rare." *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020) (internal quotation marks and citation omitted). It is permissible only upon a showing that "the agency acted in bad faith." *Id.* Plaintiff makes no such showing here. His demand for discovery is contained in a single sentence, in conclusory terms, and without any reference to agency action. *See* Pl.'s Opp'n at 4.

IV.

Accordingly, for the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 12, is granted. A separate final order accompanies this memorandum opinion.

Dated: January 25, 2021

Amit P. Mehta
United States District Court Judge